IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **ALAN N. ARCHIBALD, SR.**          )<br>Petitioner,          )<br>          )<br>v.          )<br>          )<br>**JUDGE AUDREY THOMAS and**          )<br>**THE SUPERIOR COURT OF THE**          )<br>**VIRGIN ISLANDS**,          )<br>Respondents.          )<br>_____  ) | **D.C. CV. NO. 2012-010**<br><br>Ref.:   D.C. CR. NO. 1991-110<br>         CTA3 NO. 92-7143 |

**Appearances:**

**Alan N. Archibald**
St. Thomas, VI
     *Pro Se Petitioner*,

**Verne A. Hodge, Jr., Esq.**
Asst. Gen. Counsel of the Superior Court of the VI
St. Thomas, VI
     *For the Respondents*.

## ORDER

**GÓMEZ, C.J.**

Before the Court is the motion of the Honorable Audrey Thomas and the Superior Court of the Virgin Islands to dismiss the *pro se* petition for writ of habeas corpus of Alan N. Archibald ("Archibald").

Archibald came before the Superior Court of the Virgin Islands ("Superior Court") in a matter involving the temporary care, custody, and control of his four (4) minor children and one (1) fourteen month old grandchild. According to Archibald's petition before this Court, the Superior Court issued two orders: (1) one dated June 2, 2011, requiring Archibald to submit himself to DNA testing to establish whether he is the biological father of his grandchild; and (2)

another dated September 8, 2011 pursuant to V.I. CODE ANN. tit. 14, § 581(3)[1] ordering that he be imprisoned for a term of one hundred eighty (180) days or until he complies with the Court's order of June 2, 2011. Archibald served the 180-day term of imprisonment.

In the instant petition, Archibald alleges general violations of the Fourth, Fifth, Sixth, Eighth, and Fourteenth Amendments to the United States Constitution. He argues that: (1) requiring him to submit to DNA testing violates the Fourth Amendment; (2) his imprisonment for a term of 180 days was without due process of law in violation of the Fifth Amendment; (3) he has not been informed of the nature and cause of the accusation against him in violation of the Sixth Amendment; (4) the decision to imprison him, despite the efforts of his attorney, defies the due process clause and constitutes cruel and unusual punishment in violation of the Eight Amendment; and (5) the Superior Court has "shown prejudice, immodesty, and inequitable behavior ignoring the very laws that uphold [j]ustice" thereby denying him equal protection of the laws. (Archibald's Petition at 3-4, 7.)

The Respondents now move to dismiss Archibald's petition. They assert three bases for dismissal. First, the Respondents assert that the holding in *Ali v. Gibson*, 572 F.2d 971, 974 (3d Cir. 1978) requires dismissal because the District Court for the Virgin Islands is not a "district court" permitted to issue writs of habeas corpus within the meaning of the federal habeas corpus statute. (Resp'ts Mem. of Law in Supp. of Mot. to Dismiss at 3.) Therefore, they argue, a

---

[1] Section 581(3) provides that "[e]very court of the Virgin Islands shall have power to punish by fine or imprisonment, at its discretion, such contempt of its authority, and none other as . . . (3) disobedience or resistance to its lawful writ, process, order, rule, decree, or command. 14 V.I.C. § 581(3).

*Archibald v. Judge A. Thomas, et al.*
D.C. CV. NO. 2012-010
Order
P a g e | 3

habeas corpus proceeding could not be brought under 28 U.S.C. § 2241(a). (*Id*.) That assertion, while arguable in 1978, is legally without merit today. In *Callwood v. Enos*, 230 F.3d 627 (3d Cir. 2000), the United States Court of Appeals for the Third Circuit ("Third Circuit") recognized that *Ali* was superseded by statute, stating that:

> Before the 1984 amendments, the District Court of the Virgin Islands lacked the authority to issue writs under § 2241 because the "district courts" that are authorized to entertain writs under that section are defined in Title 28 as "courts constituted by chapter 5 of [Title 28]." 28 U.S.C. § 451. The District Court of the Virgin Islands is not such a court, *see* 28 U.S.C. §§ 81-131, and therefore we held in *Ali v. Gibson*, 572 F.2d 971, 974 (3d Cir. 1978), that it did not have authority to issue writs under § 2241. As we explain in detail in *Walker*[*v. Gov't of the Virgin Islands*, 230 F.3d 82 (3d Cir. 2000)], however, in enacting the 1984 amendments to the Revised Organic Act, Congress gave the District Court of the Virgin Islands the authority to issue writs of habeas corpus even though it is not a "district court[ ]" within the meaning of Title 28 of the United States Code. . . . In *Walker*, we state that § 22 of the Revised Organic Act, as amended, "affirmatively bestows on the District Court of the Virgin Islands the entire jurisdiction of a District Court of the United States. . . ." *Walker*, 230 F.3d at 86; *see also* 48 U.S.C. § 1612(a) (providing that the District Court of the Virgin Islands "shall have the jurisdiction of a District Court of the United States"). After extensive examination of the 1984 amendments, we conclude there that Congress intended for the District Court of the Virgin Islands to have jurisdiction under 28 U.S.C. § 2254 "where the petitioner is in custody serving a sentence of the Territorial Court," *Walker*, 230 F.3d at 87, even though § 2254, like § 2241, refers to "district courts."

*Callwood*, 230 F.3d at 633.[2] Thus, it is clear that this Court is indeed a 'district court' permitted to issue writs of habeas corpus pursuant to 28 U.S.C. § 2254.

---

2  On October 29, 2004, the Territorial Court of the Virgin Islands was renamed the "Superior Court of the Virgin Islands." *See* Act of Oct. 29, 2004, No. 6687, sec. 6, § 2, 2004 V.I. Legis. 6687 (2004); s*ee United States v. Robles*, CV. No. 2005-091, 2012 WL 1020246, at *8 n.12 (D.V.I. Mar. 23, 2012).

*Archibald v. Judge A. Thomas, et al.*
D.C. CV. NO. 2012-010
Order
P a g e | **4**

      The Respondents further assert that Archibald "could have properly filed his petition with the Supreme Court of the Virgin Islands ("Supreme Court") pursuant to 4 V.I.C. § 31(b)(2)." (Resp'ts Mem. of Law in Supp. of Mot. to Dismiss at 4.) They argue that the Supreme Court has "inherent authority to issue writs of habeas corpus with respect to prisoners sentenced and confined by that court pursuant to its expanded jurisdiction." (*Id*. at 3-4.) There is no question that the Superior Court has jurisdiction to hear a habeas petition brought by a territorial prisoner pursuant to a local civil statute. *See Mendez v. Gov't of the VI*, Civ. No. 2009-0084, 2012 WL 220432, at *6 (V.I.S.Ct. Jan. 18, 2012) (citing *Parrot v. Gov't of the VI*, 230 F.3d 615 (3d Cir. 2000)); *see also* 5 V.I.C. § 1301 *et seq*. Moreover, 4 V.I.C. § 31(b)(2) provides, as it relates to the Supreme Court, that "[e]ach of the justices shall have the power to issue writs of habeas corpus upon petition by or on behalf of any person held in actual custody, and may make such writs returnable before himself or before the Supreme Court or before any local court or judge thereof on behalf of any person held in custody." That authority of the Supreme Court is not dispositive however. Indeed, this Court too may issue writs "where the petitioner is in custody serving a sentence of the Territorial Court." *Walker*, 230 F.3d at 87. Thus, as the Court will discuss in detail below, the issue here is not one of jurisdiction, but of ripeness and exhaustion.

      Respondents also assert that the principle of judicial comity requires that this Court allow the instant petition to be "filed in the courts created by local law." (Mem. of Law in Supp. of Mot. to Dismiss at 4 (ECF No. 3).) Section 2254 provides in relevant part that:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he

*Archibald v. Judge A. Thomas, et al.*
D.C. CV. NO. 2012-010
Order
P a g e | 5

> is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a). The Court of Appeals for the Third Circuit has held that § 2254 applies to the District Court of the Virgin Islands so as to confer jurisdiction upon it to entertain habeas corpus petitions from those in custody pursuant to a judgment of the Superior Court. *See Walker*, 230 F.3d at 87. However, it is well settled that a state/territorial prisoner applying for a writ of habeas corpus in federal court must first exhaust the remedies available in the courts of the state/territory, unless there is an absence of available state/territorial corrective process or circumstances exist that render such process ineffective to protect the rights of the applicant. *See Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997), *cert. denied,* 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts"); s*ee also* 28 U.S.C. § 2254(b)(1). Exhaustion permits the development of a complete factual record in state court, to aid the federal courts in their review. *See Rose v. Lundy*, 455 U.S. 509, 519 (1982). The exhaustion requirement is satisfied once a petitioner's federal constitutional claims have been fairly presented to the territory's highest court. *See Fahy v. Horn*, 516 F.3d 169, 188 n.18 (3d Cir. 2008); *see also Castille v. Peoples*, 489 U.S. 346, 351 (1989) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (noting that "once [a] federal claim has been fairly presented to the state courts, the exhaustion requirement is satisfied")). Moreover, "[t]he exhaustion requirement 'rests upon the principles of comity and judicial economy [and] provides state courts with an initial opportunity to consider and correct alleged violations of prisoners' rights without disruption from the federal

*Archibald v. Judge A. Thomas, et al.*
D.C. CV. NO. 2012-010
Order
P a g e | **6**

courts.'" *Hankins v. Fulcomer*, 941 F.2d 246, 249 (3d Cir. 1991). As Archibald has made no attempt to show exhaustion of the remedies available to him in the courts of the territory, his petition before this Court is prematurely filed, and shall be dismissed.

Accordingly, it is hereby

**ORDERED** that Respondents' motion to dismiss Archibald's petition (ECF No. 1) is **GRANTED**; and it is further

**ORDERED** that Archibald's petition for writ of habeas corpus is **DISMISSED**; and it is further

**ORDERED** that the Clerk of Court shall terminate pending motions (ECF Nos. 3 and 6); and it is further

**ORDERED** that a certificate of appealability is not warranted pursuant to 28 U.S.C. § 2253; and it is further

**ORDERED** that the Clerk of Court shall **CLOSE** this file.

**ENTER:**

/s/ Curtis V. Gómez
_____
**CURTIS V. GÓMEZ**
**CHIEF JUDGE**